## Case No. 15,045.

### UNITED STATES v. ELLIOTT.

[1 Hayw. & H. 232;[1] 3 West Law J. 183.]

Criminal Court, District of Columbia, December 13, 1845.

CRIMINAL LAW — PRESENTMENT — INDICTMENT — DISCHARGE.

1. That the presentment of crime or the reverse is equivalent to the action and judgment of a grand jury upon a bill of indictment.

2. The court will order the discharge of a prisoner where the presentment of the grand jury is equivalent to the finding of "Not found" or "Not a true bill" on an indictment for murder or manslaughter.

[This was a presentment against William R. Elliott, charged with shooting W. Z. Kendall. Heard on motion to discharge.]

Before CRAWFORD, Judge.[2]

On motion of Mr. P. R. Fendall the prisoner was brought into court, and was assisted by Mr. Jones in asking for his discharge on the presentment made by the grand jury. The district attorney resisted the motion.

THE COURT delivered the following opinion:

The grand jury of this county, charged at the present term to inquire into all offences against the peace and government of the United States, on the 10th instant, returned the following presentment: "The jurors of the United States for the county aforesaid do upon their oaths present Wm. R. Elliott for causing the death of W. Z. Kendall, by shooting him with a pistol in self-defence, when he was attacked by and was retreating from the said Kendall, on or about the 23d day of August, 1845." The defendant has been confined in jail of the county since the commission

of the homicide, viz., from the 23d day of August last, and now, this 13th day of December, 1845, a motion is made by his counsel, P. R. Fendall and Walter Jones, for his discharge, on the ground that this presentment is equivalent to the finding of "Not found," "Not a true bill," on an indictment for murder or manslaughter.

A presentment is, strictly speaking, the notice take by a grand jury of any offence, from their own knowledge or observation, without any bill of indictment laid before them at the instance of the king, upon which the officer of the court must afterwards frame an indictment. 4 Bl. Comm. 301; 1 Chit. Cr. Law, 163. The act of Maryland, passed November 3, 1722, c. 4, provides that from and after the publication hereof no attorney general, or clerk of the peace, or of indictments, shall exhibit any bill or bills of indictment to any grand jury against any person whatsoever, without an express order from the governor and council, or from the court where the prosecution is to be, or some one of the justices of the court, or unless the offender be bound over to such court, or that the grand jury find or make a presentment of the offence of their own knowledge, upon penalty of paying the party grieved all the damages and charges that shall be occasioned by such prosecution, any law, statute, usage or custom to the contrary notwithstanding. Under this law, a practice has grown up to precede indictments by presentment. This I understand to be the uniform practice at this day, and it has been followed in this instance, the witnesses having been all summoned by the district attorney at the request of the defendant's counsel, so that the investigation might be made without delay by the grand jury, he having no further or otherwise interfered. The inquiry is, first, whether a presentment acquitting the accused is equivalent to a finding to the same effect on an indictment; and, second, if so, does this presentment amount to an acquittal at law, or have the grand jury on their responsibility, as a most important and the exclusive originators of judicial proceedings, presented such facts as show that in their judgment no offence, or an excusable one, has been committed by the accused.

1. The inquiry has been as full as it would have been on an indictment. This the court is bound to presume, or to suppose, which cannot be done by me, that the grand jury in assuming the high responsibility they have taken, have neglected their duty or misconducted themselves in its discharge. The practice here imposes this full investigation on them before they present; if they think a crime has been committed, they so present, and the indictment follows, and is found, I presume, without any examination of witnesses. I am therefore of the opinion that a presentment of crime, or the reverse, under the peculiar practice here, is and ought to be equivalent to the action and judgment of a grand jury upon a bill of indictment.

---

[1] [Reported by John A. Hayward, Esq., and Geo. C. Hazleton, Esq.]

[2] On the 3d of November, 1845, Thomas Hartley Crawford, of Pennsylvania, late commissioner of Indian affairs, took his seat upon the criminal court bench in place of Judge Dunlop, appointed associate judge of the circuit court.

2. Do they present facts which in law amount to an acquittal? Homicide in law, excusable se defendendo, is: "If two men fight, and one of them dies, or if one attack another, and without fighting he flies, and retreating as far as he can until at length no means of escaping his assailant remain, and he then turn around and kill his assailant in order to avoid destruction, the homicide is excusable in self-defence." Fost. Crown Law, 277; Archb. Pl. & Ev. 391; 4 Bl. Comm. 183, 184; 1 Russ. Crimes, 543, 544. "No possible (or at least probable) means of escaping his assailant." The presentment is, "Wm. R. Elliott for causing the death of W. Z. Kendall by shooting him with a pistol in self defence when he was attacked by, and was retreating from the said Kendall," &c. That Wm. R. Elliott caused the death of W. Z. Kendall, by shooting him—the fact of the homicide is thus found; but they further say he shot him in self defence. This embodies the substance of the definition of a killing excusable. Self defence means to protect from an assault on his life, or to save himself from some great bodily harm, but the grand jury go on to say, "When he was attacked by, and was retreating from the said Kendall;" thereby, it seems to me, using almost the very terms of the law on the subject. If (and the grand jury so present) it was a case of self defence, after the accused was attacked, and while he was retreating from, or to avoid the deceased, it would be excusable homicide in the eye of the law. Suppose the grand jury had so found on a bill of indictment, no doubt is or can be entertained that the court would be bound on such judgment of the grand jury to discharge the defendant. The presentment is, under the practice, here equivalent. I know of no responsibility but that which I owe to God and my conscience for an upright discharge of duty. Here, however, there is none but what rests on the grand jury, who discharged their duty with conscientiousness and integrity I have neither doubt nor right to doubt. I am of opinion the accused is entitled, under the presentment made, to his discharge, and so accordingly order.